UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL READD,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>WARDEN ROBERT DOOLEY,  MIKE DURFEE STATE PRISON, AND MARTY JACKLEY, SOUTH DAKOTA STATES ATTORNEY GENERAL,<br><br>　　　　　　Respondents. | 5:14-CV-05091-JLV<br><br>ORDER |

## INTRODCUTION

Petitioner, Michael Readd, ("Readd") an inmate at the Mike Durfee State Prison, has filed a  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee.

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Viken's Standing Order dated October 16, 2014.

## BACKGROUND

Readd was convicted on May 7, 2012, on five counts of aggravated incest. He was sentenced to seventy-five years' imprisonment.  Readd filed a direct appeal to the South Dakota Supreme Court.  Readd's petition indicates his direct appeal was filed on May 30, 2012, and that the South Dakota Supreme Court denied his direct appeal.   It is unclear, however, when the South Dakota

Supreme Court dismissed Readd's direct appeal.  He did not file a petition for certiorari to the United States Supreme Court.  Readd filed his state habeas corpus petition on September 23, 2013.  The state habeas petition was denied by the state circuit court without a hearing in May, 2014.  The South Dakota Supreme Court denied Readd's state habeas petition in June, 2014.

Readd initially filed his federal habeas corpus petition on December 16, 2014.  See Docket 1.  Thereafter, the Court ordered Readd to more fully complete the standard § 2254 form which is regularly provided to prisoners in the state of South Dakota.  See Docket 8.  Readd re-submitted his § 2254 petition on February 19, 2015.  See Docket 10.

Because Readd has indicated he is unaware of the date his direct appeal was dismissed, it is impossible to determine with certainty whether this federal § 2254 petition is timely under the AEDPA one year statute of limitations.  On page 2 of Docket 10, however, under "Timeliness of Petition," Readd has acknowledged "my petition is late . . ."

## DISCUSSION

**A.     Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order . . .

This Court's preliminary review, required by Rule 4, reveals that Readd's pending § 2254 petition may be barred by the AEDPA statute of limitations.

## B.   AEDPA Statute of Limitations

The AEDPA contains a one year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)**   **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals

3

in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id. State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from

the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

The Court may raise the statute of limitations issue *sua sponte*. Day v. McDonough, 547 U.S. 198, 209 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Day, 547 U.S. at 210. Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id.[1] Accordingly, the Court will order the parties to show cause why this federal petition should not be dismissed as untimely.

---

[1] The Day Court did not displace the district court's duty pursuant to Rule 4, to screen and dismiss, if indicated, a petition that is clearly barred by the AEDPA statute of limitations. Day, 547 U.S. at 207-10. Because this case presents a close call, however, the court chose to follow the procedure outlined in Day.

## CONCLUSION and ORDER

With the above general principles in mind, and having preliminarily reviewed Readd's § 2254 petition, IT IS ORDERED:

(1) The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota, copies of Readd's petition (Docket 1 and Docket 10) and this Order;

(2) On or before March 27, 2015, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Readd's federal habeas petition, filed December 16, 2014, should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

DATED this 26th day of February, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge