UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL READD,<br><br>                Petitioner,<br><br>  vs.<br><br>WARDEN ROBERT DOOLEY, Mike Durfee State Prison, and MARTY JACKLEY, Attorney General of the State of South Dakota,<br><br>                Respondents. | CIV. 14-5091-JLV<br><br>ORDER |

**INTRODUCTION**

On December 18, 2014, petitioner Michael Readd, an inmate at the Michael Durfee State Prison in Springfield, South Dakota, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 1). Pursuant to a standing order of October 14, 2014, the matter was referred to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B). On February 5, 2015, Judge Duffy filed an order directing Mr. Readd to file his § 2254 case on a standard § 2254 petition provided by the Clerk of Court. (Docket 8 at p. 4). On February 23, 2015, Mr. Readd filed an amended petition. (Docket 10). On February 26, 2015, Magistrate Judge Duffy directed service of Mr. Readd's petitions on the respondents and required the parties on or before March 27, 2015, to show cause why Mr. Readd's federal petition "should not be dismissed as untimely pursuant to 28 U.S.C. §2244(d)(1)." (Docket 11 at p. 6). On March 9, 2015, Mr. Readd filed a brief in support of his argument as to why his federal petition should not be dismissed as untimely.

(Docket 14).  On March 25, 2015, the respondents filed their response urging the magistrate judge to dismiss Mr. Readd's petition "with prejudice for untimeliness." (Docket 12 at p. 13).  On November 19, 2015, the respondents filed a motion seeking dismissal of Mr. Readd's petition "for failure to abide by the statute of limitations . . . 28 U.S.C. § 2244(d)." (Docket 19).  The motion to dismiss incorporated the respondents' March 25, 2015, arguments.  Id.

On November 24, 2015, Judge Duffy issued an amended report recommending the court grant the respondents' motion to dismiss.  (Docket 22).  Pursuant to 28 U.S.C. § 636(b)(1), objections to the amended report and recommendation were due on or before December 15, 2015.  Mr. Readd timely filed his objections.  (Docket 24).  Mr. Readd separately filed a response to the respondents' motion to dismiss.  (Docket 23).

The court reviews *de novo* those portions of the amended report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Mr. Readd's objections are overruled and the amended report and recommendation is adopted in full.

**PETITIONER'S OBJECTIONS**

Mr. Readd's objections to the amended report and recommendation are summarized as follows:

1. The statute of limitations issue was resolved by the court in March 2015;

2. The statute of limitations does not expire until May 2016;

3. Under the federal rules there is no statute of limitations for correction of an illegal sentence; and

2

    4. The report and recommendation is premature.

(Docket 24). Within petitioner's objections he made a number of other arguments which can be resolved by the court's analysis of his objections. Each objection will be separate analyzed.

1. THE STATUTE OF LIMITATIONS ISSUE WAS RESOLVED BY THE COURT IN MARCH 2015

Mr. Readd claims the magistrate judge "already visited this issue in March 2015." Id. at p. 1. This statement is partially correct, but incomplete. On February 26, 2015, the magistrate judge *sua sponte* raised the question of whether the statute of limitation under the Antiterrorism and Effective Death Penalty Act ("AEDPA") bars Mr. Readd's federal habeas petition. By the magistrate judge's "preliminary review . . . Readd's pending § 2254 petition may be barred by the AEDPA statute of limitations." (Docket 11 at p. 3).

The AEDPA statute of limitations is set out in 28 U.S.C. § 2244 which provides in pertinent part:

> (d) (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the

3

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

All the magistrate judge did by the February 26, 2015, order was to "raise the statute of limitations issue *sua sponte*." (Docket 11 at p. 5). After discussing why the statute of limitations issue raised some concern, the magistrate judge ordered "the parties to show cause why this federal petition should not be dismissed as untimely." Id.  The parties were ordered to submit their arguments on or before March 27, 2015. Id. at p. 6.

Mr. Readd filed his response and a supplement to the magistrate judge's order to show cause on March 5, 2015, and April 2, 2015.[1]  (Dockets 14 & 16).

---

[1] The court gives Mr. Readd the benefit of the prison mail box rule when determining the date of filing for his submissions to the court. Fed. R. App. P. 4(c) "establishes a prison mailbox rule and requires prisoners to deposit their papers with prison authorities by pertinent due dates in order to benefit from the rule." Grady v. United States, 269 F.3d 913, 918 (8th Cir. 2001). See also Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir.1999) (en banc) (For purposes of § 2244(d)(1), a *pro se* prisoner's habeas petition "is filed on the date it is delivered to prison authorities for mailing to the clerk of the court."). See Dockets 14 at p. 2 & 16-1 for the dates Mr. Readd's submissions were placed in the prison mail system.

4

The respondents filed a detailed submission in response to the magistrate judge's order to show cause on March 25, 2015.  (Docket 12).   Neither the magistrate judge's February 26, 2015, order nor the parties' submissions resolved the statute of limitations issue.

Mr. Readd's first objection to the amended report and recommendation is overruled.

2.   THE STATUTE OF LIMITATIONS DOES NOT EXPIRE UNTIL MAY 2016

Mr. Readd argues the magistrate judge erred in concluding the AEDPA statute of limitations expired in his case.  (Docket 24 at p. 1).  He argues "[u]sing the common usage of English words in understanding 28 USC § 2244d2 [sic] . . . suggest that the Federal Tolling does not begin until the State time limit has expired . . . ." Id. (italics omitted).   Applying that analysis, Mr. Readd contends the deadline for filing his federal petition was May 2016. Id.  Because his federal petition was filed in December 2014, Mr. Readd argues his petition was timely filed.  Id.

Mr. Readd's argument is contrary to settled law on this matter.  "A petitioner has one year from the time a state court judgment becomes final to apply for a federal writ of habeas corpus." Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003) (referencing 28 U.S.C. § 2244(d)(1)(A)).  "A [state court] judgment is final, for these purposes, at 'the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for writ of certiorari.' " Id. (citing Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) (quoting Smith v.

5

Bowersox, 159 F.3d 345, 348 (8th Cir.1998)) (brackets omitted).  As the court held in Smith, "[w]hen the Supreme Court denied [Smith's] plea for writ of certiorari on November 3, 1997, the one-year statute of limitations began to run.  In this case, Smith has until midnight, November 2, 1998 to petition for habeas corpus in the federal courts." Smith, 159 F.3d at 348.

    The only interruptions in the running of the federal habeas statute of limitations are for those time periods when state proceedings are pending and unresolved in the state system.  "Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application." Lawrence v. Florida, 549 U.S. 327, 332 (2007).  "The statute tolls . . . while state PCR [post-conviction relief] proceedings are pending. . . . State PCR proceedings are 'pending' for the period between the trial court's denial of the PCR and the timely filing of an appeal from it. . . . State proceedings are not pending during the time between the end of direct review and the date an application for state PCR is filed." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (referencing 28 U.S.C. § 2244(d)(2) and citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (other citations omitted).

    Contrary to Mr. Readd's argument, the magistrate judge properly concluded that "[b]arring any tolling events, Mr. Readd's AEDPA statute of limitations would have run on June 24, 2013 (90 days after the affirmance of his conviction on direct appeal on March 25, 2013).  (Docket 22 at p. 7).

    The magistrate judge concluded the AEDPA one-year statute of limitation had expired by the time Mr. Readd's federal habeas petition was filed on

6

December 18, 2014.  After giving Mr. Readd the benefit of the doubt as to whether his sentence reduction motion was a valid state post-conviction relief filing, the magistrate judge concluded 512 days elapsed from the date of the last state habeas proceeding and the filing of the federal habeas petition.  Id. at p. 12.

Without resolving the appropriateness of other filings as state post-conviction pleadings, the magistrate judge then gave Mr. Readd the benefit of the doubt and deducted 102 days from the calculation.  Id. at p. 14.  Even with this reduction, Mr. Readd's federal petition was still filed "45 days too late to comply with the AEDPA statute of limitations . . . ."  Id.  While Mr. Readd does not agree with the magistrate judge's findings, he acknowledges his petition was "ten (10) days late . . . ."  (Docket 24 at p. 2).

The AEDPA statute of limitations sets the outside deadline for filing a federal habeas petition.  Mr. Readd fails to identify any error in the magistrate judge's calculations or conclusion that his federal habeas petition was untimely.  (Docket 22 at p. 15).

Mr. Readd's objection number two to the amended report and recommendation is overruled.

3. UNDER THE FEDERAL RULES THERE IS NO STATUTE OF LIMITATIONS FOR CORRECTION OF AN ILLEGAL SENTENCE

Mr. Readd claims his state sentence was "an illegal sentence."  (Docket 24 at p. 2).  Without citation to any authority, Mr. Readd asserts he is "seeking correction of said sentence and under Federal rules there is no time limit to correcting an illegal sentence."  Id.

7

Federal law permits "two main avenues to relief on complaints related to imprisonment." Muhammad v. Close, 540 U.S. 749, 750 (2004). Those avenues of recourse are: "a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983." Id. A federal habeas petition "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Congress determined the federal habeas process is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. A section 1983 claim cannot be used to challenge "the validity of the fact or length of . . . confinement . . . ." Id. at 490.

The AEDPA dictates when and under what circumstances the federal court system may review a state court conviction. The federal habeas process is the sole basis by which a district court has subject matter jurisdiction to permit a petitioner to challenge the validity of his state court conviction. Unless a petitioner files his federal petition within the one-year statute of limitations of 28 U.S.C. 2244(d), the district court does not have jurisdiction to address the petitioner's claim of an illegal sentence.

Mr. Readd's third objection to the amended report and recommendation is overruled.

4. THE REPORT AND RECOMMENDATION IS PREMATURE

Mr. Readd argues the amended report and recommendation is premature because he was not permitted to file a response in opposition to the respondents' motion to dismiss. (Docket 24 at p. 2). This argument is without merit.

Mr. Readd fails to acknowledge the procedural history of his case. On February 26, 2015, the magistrate judge *sua sponte* raised the statute of limitations issue. (Docket 11 at p. 5). After discussing why the statute of limitations issue may create a barrier to consideration of Mr. Readd's petition, the magistrate judge directed the parties to file submissions and "show cause why this federal petition should not be dismissed as untimely." Id.

Mr. Readd and respondents all complied with the magistrate judge's directive. (Dockets 12, 14 & 16). Consistent with their response and prayer for relief, see Docket 12 at p. 13, respondents filed a separate motion to dismiss the petition "for failure to abide by the statute of limitations for federal habeas corpus cases, 28 U.S.C. § 2244(d)." (Docket 19). This motion simply incorporated the arguments advanced in the earlier submission. Id. Mr. Readd's argument on the statute of limitations issue had already been made and his subsequent answer to the respondents' motion to dismiss offered no new information or legal authority. (Docket 23).

Mr. Readd's fourth objection to the amended report and recommendation is overruled.

## ORDER

The court finds the amended report and recommendation is an accurate and thorough recitation of the facts and applicable case law. The court further finds Judge Duffy's legal analysis is well-reasoned. Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. Readd's objections and response (Dockets 23 & 24) to the amended report and recommendation are overruled.

IT IS FURTHER ORDERED that the amended report and recommendation (Docket 22) is adopted in full.

IT IS FURTHER ORDERED that the respondents' motion to dismiss (Docket 19) is granted.

IT IS FURTHER ORDERED that Mr. Readd's motion for default judgment (Docket 26) is denied.

IT IS FURTHER ORDERED that Mr. Readd's petition (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." Id. The court does not believe reasonable jurists

would find the court's ruling debatable or wrong.  Accordingly, a certificate of appealability shall not issue in light of the second prong of the <u>Slack</u> standard.

Although the court declines to issue a certificate of appealability, Mr. Readd may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated July 14, 2016.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE